UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFREY R. HASTINGS,

Petitioner,

v. Case No. 3:26-cv-1344-JEP-LLL

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.

---

**ORDER**

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). Because Petitioner challenges a 1980 state court (Palm Beach County, Florida) judgment of conviction, the Court construes the petition as filed under 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) (holding the authority to grant habeas relief to state prisoners is limited by § 2254); *Morris v. Fla. Dep't of Corr.*, 519 F. App'x 990 (11th Cir. 2013) ("Prisoners, like Morris, who are in custody pursuant to the judgment of a state court may not avoid the procedural restrictions imposed on § 2254 petitions by nominally bringing suit under § 2241.").

The United States District Court, Southern District of Florida, previously adjudicated Petitioner's federal habeas claims challenging his 1980

judgment of conviction. *See* Case No. 9:90-cv-08483-JLK (S.D. Fla.) (petition dismissed with prejudice on August 5, 1991). This Court has no authority to consider a successive petition without prior authorization from the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). *See also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F. 3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). The Southern District previously advised Petitioner that he may not proceed on a successive habeas petition without the Eleventh Circuit's authorization. *See, e.g.*, Case No. 08-cv-81022 (S.D. Fla.) (citing cases previously dismissed as successive). Therefore, this case will be dismissed without prejudice, subject to Petitioner's right to file a new petition if he obtains the required authorization from the Eleventh Circuit.[1]

---

[1] Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is "in the interest of justice," transfer such action to any other court in which the action could have been brought when it was filed. A § 1631 transfer of this action to the Southern District would be futile because Petitioner has not satisfied the jurisdictional prerequisite—i.e., Eleventh Circuit authorization—for filing a successive § 2254 petition in any district court.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE and ORDERED** at Jacksonville, Florida, on October 28, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

TpaP-3
C:
Jeffrey R. Hastings